NO. 4-09-0353          Filed 3/9/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: TYLER G., a Minor, | ) | Appeal from |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| Petitioner-Appellee, | ) | McLean County |
| v. | ) | No. 08JD125 |
| TYLER G., | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | Elizabeth A. Robb, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE MYERSCOUGH delivered the opinion of the court:

Following a March 2009 bench trial, the trial court found respondent, Tyler G. (born August 30, 1996), guilty of residential burglary (720 ILCS 5/19-3(a) (West 2008)), and the court adjudicated him a delinquent.  In April 2009, the court sentenced respondent to 60 months' probation.

Respondent appeals, arguing the trial court erred when it denied his motion to suppress statements he made to the police that he alleges were made during a custodial interrogation and without the benefit of Miranda warnings (see Miranda v. Arizona, 384 U.S. 436, 479, 16 L. Ed. 2d 694, 726-27, 86 S. Ct. 1602, 1630 (1966)).  We affirm.

I. BACKGROUND

In September 2008, Officer Lester Stevens, the deputy chief of police for the City of Chenoa, Illinois, questioned respondent, a 13-year-old minor, about his involvement in a burglary.  Stevens did not read respondent a Miranda warning

prior to the start of questioning. The questioning took place at respondent's residence, where he lived with his grandmother. Respondent has lived with her on a permanent basis since he was 18 months old. Stevens interviewed respondent, in the presence of his grandmother, for approximately 30 minutes in the kitchen of the residence.

According to Officer Stevens' testimony, respondent initially indicated that he had not been involved in the burglary. However, after a few minutes he admitted entering the victims' residence and taking some jewelry and a bicycle. Stevens did not arrest respondent at that time. Instead, respondent was allowed to remain home with his grandmother. Stevens told respondent and his grandmother that he would call them later to arrange a meeting at the police station.

Approximately 1 1/2 hours later, Officer Stevens called and requested respondent's grandmother bring him to the police station, which she did. According to respondent's grandmother's testimony, at no time was respondent handcuffed or transported in a police vehicle. While respondent was fingerprinted and photographed at the police station, Stevens testified respondent was not questioned further about the offense. Following processing, respondent was released to the custody of his grandmother and allowed to return home. Stevens told them they would be contacted later regarding possible charges. Respondent and several other minors were later charged with residential burglary.

In November 2008, respondent filed a motion to suppress

his confession, alleging that he should have been given a <u>Miranda</u> warning prior to the interview.

Following a January 2009 hearing, the trial court denied respondent's motion to suppress on the basis that no custodial interrogation had taken place, and therefore no <u>Miranda</u> warning was necessary.

In March 2009, the trial court found respondent guilty of residential burglary and sentenced him as stated.

In May 2009, respondent filed a motion for a new trial and finding of not guilty, which the trial court denied.

This appeal followed. We affirm.

## II. ANALYSIS

On appeal, respondent argues the trial court erred when it denied his motion to suppress statements he made to the police. Specifically, respondent contends his statements should have been suppressed because he had been subject to custodial interrogation without being given his <u>Miranda</u> warnings.

The State argues the trial court's decision to deny respondent's motion was not against the manifest weight of the evidence. Specifically, the State contends no violation of respondent's rights occurred because he was not "in custody" for <u>Miranda</u> purposes when he was interviewed by police at his residence.

## A. Standard of Review

In reviewing a motion to suppress on appeal, we are presented with mixed questions of law and fact. <u>People v.</u>

McCarty, 223 Ill. 2d 109, 148, 858 N.E.2d 15, 39 (2006). A trial court's assessment of witness credibility and factual determinations will be reversed only if manifestly erroneous. People v. Slater, 228 Ill. 2d 137, 149, 886 N.E.2d 986, 994 (2008). The ultimate determination of whether the evidence is suppressed, however, is entitled to de novo review. People v. Sutherland, 223 Ill. 2d 187, 197, 860 N.E.2d 178, 192 (2006).

## B. Custodial Interrogation

### 1. The Definition of Custodial Interrogation

Respondent argues his statements should be suppressed because the police officer did not give him the required Miranda warnings. In Miranda, the Supreme Court held the following:

> "[W]hen an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized. *** He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney[,] one will be appointed for him prior to any questioning if he so desires." Miranda, 384 U.S. at 478-79, 16 L. Ed. 2d at 726, 86 S. Ct. at 1630.

- 4 -

However, <u>Miranda</u> warnings apply only to custodial interrogations. <u>People v. Griffin</u>, 385 Ill. App. 3d 202, 207, 898 N.E.2d 704, 709 (2008). In <u>Miranda</u>, the Supreme Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." <u>Miranda</u>, 384 U.S. at 444, 16 L. Ed. 2d at 706, 86 S. Ct. at 1612. Accordingly, "'"<u>Miranda</u> warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'"'" <u>Griffin</u>, 385 Ill. App. 3d at 207, 898 N.E.2d at 709, quoting <u>People v. Hetzel</u>, 181 Ill. App. 3d 85, 92, 536 N.E.2d 909, 913 (1989), quoting <u>Oregon v. Mathiason</u>, 429 U.S. 492, 495, 50 L. Ed. 2d 714, 719, 97 S. Ct. 711, 714 (1977).

## 2. <u>Factors</u> <u>in</u> <u>Determining</u> <u>Whether</u> <u>an</u> <u>Interrogation</u> <u>Is</u> <u>Custodial</u>

In determining whether a suspect is "in custody" for <u>Miranda</u> purposes, we look at (1) the circumstances surrounding the interrogation and (2) given those circumstances, whether a reasonable person would have felt free to terminate the interview and leave. <u>Slater</u>, 228 Ill. 2d at 150, 886 N.E.2d at 994-95. "With respect to the latter inquiry, the accepted test is what a reasonable person, innocent of any crime, would have thought had he or she been in the defendant's shoes." <u>People v. Braggs</u>, 209 Ill. 2d 492, 506, 810 N.E.2d 472, 482 (2003).

The supreme court has found the following factors relevant in determining whether a statement was made in a custodial setting:

- 5 -

"(1) the location, time, length, mood, and mode of questioning; (2) the number of police officers present during the interrogation; (3) the presence or absence of family and friends of the individual; (4) any indicia of formal arrest procedure, such as the show of weapons or force, physical restraint, booking[,] or fingerprinting; (5) the manner by which the individual arrived at the place of questioning; and (6) the age, intelligence, and mental makeup of the accused." Slater, 228 Ill. 2d at 150, 886 N.E.2d at 995.

### 3. Respondent Was Not "In Custody"

In this case, the State presented sufficient evidence to show defendant was not "in custody" for Miranda purposes when he made the statements at issue. Uncontradicted testimony established respondent was questioned in the kitchen at his residence, not at the police station. Further, respondent was not transported to the place of questioning by the police. Instead, Officer Stevens arrived at respondent's residence, knocked on the door, and asked respondent's grandmother if he could ask respondent some questions. The questioning was of limited duration, i.e., approximately 30 minutes, and only one police officer was present.

While respondent was 13 years old, his grandmother, who is also his primary caretaker, was present during the question-

ing. Her presence served to protect respondent from any potential coercion by the police officer. Moreover, respondent presented no evidence to suggest the questioning was coercive or that he possessed a diminished mental capacity. See Braggs, 209 Ill. 2d at 512, 810 N.E.2d at 485 (modifying the reasonable-person standard to account for suspect's mental retardation).

In addition, the police never handcuffed or otherwise physically restrained respondent. No formal booking procedure took place immediately before or after the questioning. In fact, it was not until approximately 1 1/2 hours later that Officer Stevens called and requested respondent's grandmother bring him to the police station, which she did. According to Stevens' testimony, no additional interrogation took place at the police station. Instead, the police booked, fingerprinted, and released respondent to the custody of his grandmother, who took him home.

Based on the circumstances in this case, a reasonable person in respondent's situation would not have felt he was in police custody during the questioning that took place at his residence. As a result, no Miranda warning was necessary. Accordingly, we find the trial court's order denying respondent's motion to suppress was not against the manifest weight of the evidence.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.